IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BENJAMIN MANU | § | |
| on behalf of himself, | § | NO: |
| individually and ALL OTHERS | § | |
| SIMILARLY SITUATED | § | |
| Plaintiff, | § | |
| v. | § | JURY DEMANDED |
| | § | |
| NIAGRA BOTTLING LLC, | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, PLAINTIFF BENJAMIN MANU, on behalf of himself individually and all others similarly situated, (hereinafter referred to as "Plaintiff") and complains of Defendants NIAGRA BOTTLING LLC (hereinafter collectively referred to as "Defendant") and for cause of action would show the Court as follows:

### INTRODUCTION

1. This is a collective action suit to recover unpaid overtime wages. Plaintiff's claims and those of putative class members are brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, and post-judgment interest for Defendant's willful failure to pay overtime wages and compensation for hours worked, but not recorded or paid, pursuant to 29 U.S.C. § 216(b). Plaintiff BENJAMIN MANU files this complaint individually,

and on behalf of all others similarly situated, in the course of their employment with the Defendant.

3. BENJAMIN MANU and all others similarly situated demand a jury trial on all issues that may be tried to a jury.

4. This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## JURISDICTION AND VENUE

5. This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

6. Plaintiff BENJAMIN MANU, on behalf of himself individually and the Plaintiff class, brings this action to recover unpaid overtime wages and compensation earned but not paid, by the Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

7. This Court also has jurisdiction of these claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

8. Venue is proper in the Southern District of Texas under 28 U.S.C. §1441(a).

## PARTIES

9. Plaintiff BENJAMIN MANU, is a resident of Houston, Texas.

10. Members of the "Putative Class" are current and former employees of Defendant who work, or have worked, for Defendant as "Machine Operators", whose job duties included working at the assembly line, assembling water bottles for various brands and operating heavy machinery.

11. Putative class members, like Plaintiff, were paid straight time, not overtime for hours worked past forty (40) hours per week for Defendant. Plaintiff and putative class

members were also not compensated for off-the-clock work performed at the direction, benefit and required by Defendant.

12. Defendant NIAGRA BOTTLING LLC can be served with summons by serving its Registered Agent at National Corporate Research LTD located at 1601 Elm Street Ste. 4360 Dallas Texas, 75201.

13. Whenever in this complaint it is alleged that the named Defendant committed any act or omission, it is meant that Defendant's Officers, Directors, Vice-Principals, Agents, Servants, Parent Company, Subsidiaries or Employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendant's Officers, Directors, Vice-Principals, Agents, Servants, Parent Company, Subsidiaries or Employees.

14. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA 29 U.S.C. § 203(r).

15. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA 29 U.S.C. § 203(r).

16. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s) (1) of the FLSA because it has had employees engaged in commerce. 29 U.S.C. § 203(s) (1).

17. At all material times, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

18. Defendant was Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

# CLASS ALLEGATIONS

19. Plaintiff BENJAMIN MANU, files this case as an "opt in" collective action, as it is specifically allowed by 29 U.S.C. § 216(b).

20. The class that Plaintiff BENJAMIN MANU, seeks to represent may be described as follows:

> **All current and former employees of Defendant who worked as "Machine Operators" and was not compensated at time and a half for hours worked above forty each workweek and who were not compensated for off the clock work performed,** in violation of 29 U.S.C. 201 et. seq.

21. Plaintiff, BENJAMIN MANU, seeks to represent only those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by counsel for Plaintiff BENJAMIN MANU, as required by 29 U.S.C. § 216(b).

22. Those persons who choose to opt in, referred to as the "Putative class members", will be listed on subsequent pleadings and copies of their written consents to sue will be filed with the Court.

23. Plaintiff BENJAMIN MANU contends that this action is appropriate for collective action status because Defendant herein has acted in the same manner with regard to all members of the putative class.

# FACTS

24. At all times relevant to this action, Defendant has been subject to the requirements of the Fair Labor Standards Act 29 U.S.C. 201 et. seq.

25. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing

thereafter.

26. Defendant has employed Plaintiff BENJAMIN MANU from November 2014 to July 2016. Plaintiff worked as a Machine Operator whose job was to operate heavy machinery and work the assembly line for water bottles made for various brands.

27. During his employment and in the routine performance of day-to-day job duties, Plaintiff has performed non-exempt work, during a significant period of most days, as classified by the Act, because the performance of Plaintiff's job required it and because Defendant's management required the performance of those non-exempted job duties, as a condition of his continued employment.

28. During Plaintiff BENJAMIN MANU'S employment, he and similarly situated employees wore a uniform and were given instructions by Defendant as to their day-to-day job duties and responsibilities. Defendant told Plaintiff when he was required to be at work and what to do on site on a daily basis.

29. Defendant supervised Plaintiff and similarly situated employees.

30. Plaintiff's regular workweek schedule was 2 days on and 2 days off the job. On the days he was on the job he would work 12 hours a day, making it a total of 48 hours worked per week on average.

31. Plaintiff and similarly situated employees were routinely limited to 30-minute lunch breaks.

32. Further, during these hours worked, Plaintiff performed the function of his job, which included the performance duties typically performed by "hourly" paid non-exempt employees because the job required it and the Defendant's management required it, as a condition of Plaintiff's continued employment.

33. Defendant required Plaintiff and all others similarly situated to perform all necessary work to include the performance of those duties otherwise typically performed by "hourly" employees which routinely required Plaintiff and other similarly situated employees to work "overtime" and "off-the-clock" hours as defined by 29 U.S.C. § 201 *et seq.*, for which they failed to receive overtime compensation as required by the Act.

34. Defendant failed to pay statutory overtime as required by 29 U.S.C. § 201 *et seq*.

## **FIRST CLAIM FOR RELIEF**
**(Unpaid overtime compensation under the FLSA)**

35. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully written herein.

36. Plaintiff BENJAMIN MANU and all others similarly situated are considered non-exempt employees under the statutory provisions of the Fair Labor Standards Act, 29 U.S.C. 201, et seq., as well as by the administrative regulations used to interpret the Act.

37. Plaintiff BENJAMIN MANU and all others similarly situated are entitled to receive overtime pay for all hours they have worked in excess of 40 during each seven-day workweek and minimum wage for off the clock hours worked.

38. Defendant failed to compensate Plaintiff and all others similarly situated, their entitled pay (including overtime pay) for those hours they worked in excess of 40 per week.

39. Defendant failed to compensate Plaintiff and all others similarly situated, their entitled pay (including overtime pay) for those hours worked in excess of forty (40) per week and for off the clock work performed.

40. Defendant has violated 29 U.S.C. § 201 *et seq.* by failing to compensate the Plaintiff and all other similarly situated employees "overtime" pay for all hours worked in excess of 40 hours per week. Defendant failed to Compensate Plaintiff for overtime hours worked both on and off the clock and failed to compensate Plaintiff and similarly situated employees at minimum wage for off-the-clock hours worked.

41. Defendant failed to keep or record accurate time records reflecting the hours employees, such as the Plaintiff and those similarly situated actually worked.

42. The Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

43. No lawful exemption excused the Defendant from compensating Plaintiff and all others similarly situated, overtime pay for hours worked over forty per week or for time worked off the clock.

44. Defendant knowingly, willfully, or with reckless disregard carried out an illegal pattern and practice of deceptive and fraudulent accounting practices regarding overtime and off-the-clock compensation due to Plaintiff and to all others similarly situated.

45. Plaintiff and all others similarly situated seek an amount of back-pay equal to the unpaid overtime compensation from the date they commenced employment for the Defendant until the date of trial.

46. Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

## COLLECTIVE ACTION ALLEGATIONS

47. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully written herein.

48. Other employees have been victimized by the above referenced pattern, practice, and policy of Defendants in violation of the FLSA.

49. Thus, from personal knowledge, Plaintiff is aware that the illegal practices and policies of Defendant have been imposed on other workers.

50. Other, similarly situated employees are being denied their lawful wages.

51. Accordingly, Defendant's pattern and practice of failing to pay overtime pay (at time and one-half) and failure to pay for off-the-clock work as required by the FLSA results from Defendant's general application of policies and practices, and does not depend on the personal circumstances of the members' class.

52. Plaintiff BENJAMIN MANU experiences are typical experiences of the putative class as it pertains to compensation.

53. The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

54. All employees, regardless of their job requirements or rates of pay, who are denied overtime compensation for hours worked in excess of 40 per week and not paid for off-the-clock work performed, are similarly situated.

55. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

56. All current and former employees who worked as "Machine Operators" who at any time during the three years prior to the date of filing of this action to the date of judgment were

denied overtime pay for hours worked in excess of forty (40) and not compensated for off the clock work in any given workweek are properly included as members of the class.

## SECOND CLAIM FOR RELIEF
**(Violations of 29 CFR 516)**

57. Defendant failed to maintain and keep proper records. Said conduct of Defendant is in violation of 29 Code of Federal Regulations Part 516. Specifically, Defendant failed to maintain accurate records reflecting the time and day of week when employee's workweek begins, the hours worked each day, total hours worked each workweek, the basis on which employees' wages are paid, regular hourly pay rate, total daily or weekly straight time earnings, and the total overtime earning for the workweek. Defendant also violated 29 CFR 516 by failing to maintain accurate payroll records for three years and failing to maintain records on which wage computations (i.e. time cards, work and time schedules, and records of hours worked) are based for two years. Defendants also failed to maintain a timekeeping mechanism or plan in violation of 29 CFR 516.

## ATTORNEY'S FEES

58. Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully written herein.

59. Plaintiff BENJAMIN MANU, and all other similarly situated employees of Defendant, are entitled to recover attorney's fees and costs for bringing this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## JURY DEMAND

60. Plaintiff BENJAMIN MANU, on behalf of himself and all other similarly situated employees make a formal demand for a jury trial in this matter.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff BENJAMIN MANU and all other similarly situated employees of Defendant respectfully request that upon hearing, the Court grant Plaintiff, and all others similarly situated employees of Defendant relief as follows:

a. Declare that Defendant has violated the Fair Labor Standards Act, specifically, 29 U.S.C. § 207, by failing to pay Plaintiff and all others similarly situated, overtime pay at one and one-half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period and failing to compensate them for off the clock hours worked;

b. Enjoin Defendant from failing to pay Plaintiff and all others similarly situated, at one and one-half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period, and for failing to compensate for work performed, but not recorded or paid;

c. Order Defendant to pay Plaintiff and all others similarly situated, the difference between what they should have paid for overtime hours Plaintiffs worked during the relevant period and what they were actually paid, as well as compensation for hours worked but not recorded or paid, together with an equal amount as to liquidated damages.

d. Order Defendant to pay Plaintiff damages for its unlawful retaliation.

e. Order Defendant to pay Plaintiff and all others similarly situated employees' reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

f. Order Defendant to pay post-judgment interest at the highest lawful rate for all amounts, including attorney's fees, awarded against Defendant.

g. Order further relief, whether legal, equitable, or injunctive, as may be necessitated to effectuate full relief to Plaintiff BENJAMIN MANU and to all other similarly situated employees of the Defendant.

Dated: April 15 , 2017

                Respectfully submitted,

                THE FOLEY LAW FIRM
                <u>By: /s/ Taft L. Foley II</u>
                Taft L. Foley, II
                Federal I.D. No. 2365112
                State Bar No. 24039890
                3003 South Loop West, Suite 108
                Houston, Texas 77054
                Phone: (832) 778-8182
                Facsimile: (832) 778-8353
                Taft.Foley@thefoleylawfirm.com